UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANGEL DELGADO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:08-cv-00316 (VLB) |
| DERECKTOR SHIPYARDS, INC. | : | |
|     Defendant. | : | January 18, 2012 |

### MEMORANDUM OF DECISION GRANTING DEFENDANT's [DKT. # 32] MOTION TO DISMISS

Plaintiff, Angel Delgado, brings this action alleging various claims of employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §1981. Currently pending before the Court is an Objection to the Plaintiff's Motion to Re-Open the case.

I.    Background

On February 28, 2008 Plaintiff filed a three-count complaint alleging claims of employment discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981. On August 11, 2008, Defendant filed a Motion to Stay pursuant to 11 U.S.C. 362(a) on the basis of the Defendant's pending Chapter 11 bankruptcy proceedings, reporting that the Defendant filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court, District of Connecticut on July 18, 2008. On September 25, 2008, the Court granted the Defendant's Motion to Stay and dismissed the case

without prejudice to reopening following the conclusion of the bankruptcy proceedings. On October 3, 2011, the Plaintiff filed a Motion to Open Dismissal. On October 11, 2011, the Court granted the Plaintiff's Motion to Open Dismissal asserting that the Defendant's bankruptcy case had concluded. On November 4, 2011, after several extensions of time, the Defendant filed a Motion in Opposition to Plaintiff's Motion to Open Dismissal asserting that the Plaintiff's claim of employment discrimination was discharged upon confirmation by the Bankruptcy Court of the Defendant's Final Plan and asking that the Court dismiss the matter in its entirety. Accordingly, the Court will construe the Defendant's [34] Objection to Plaintiff's Motion to Open as a Motion to Dismiss.

II.   Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  While Rule 8 does not require that a complaint contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (internal quotations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949-50). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks omitted).

   III.   Discussion

On July 18, 2008, the Defendant filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court, District of Connecticut. It is indisputable that Plaintiff had actual notice of the bankruptcy filing through both [Dkt. #23] the Defendant's Motion to Stay informing the Court of its pending bankruptcy proceedings, and [Dkt. #24], the Court's Order

dismissing the case without prejudice to reopening following the conclusion of the Defendant's Chapter 11 bankruptcy proceeding.

On April 14, 2010, the Bankruptcy Court for the District of Connecticut issued an order confirming the Defendant's Chapter 11 Final Plan. Article X, Section 10.3 of the Final Plan provides, in part, that:

> Except to the extent otherwise provided herein or in the Confirmation Order, the rights afforded in the Plan and the treatment of all Claims against or Equity Interests in the Debtor hereunder shall be in exchange for and in complete satisfaction, discharge, and release of all debts of, Claims against, and Equity Interests in, the Debtor of any nature whatsoever, known or unknown, including, without limitation, any interest accrued or expenses incurred thereon from and after the Petition Date, or against its Estate, the Reorganized Debtor, or its properties or interests in property. Except as otherwise provided herein or in the Conformation Order, upon the Effective Date, all claims against and Equity Interests in the Debtor shall be satisfied, discharged and released in full exchange for the consideration, if any, provided hereunder. [Dkt. #32, Ex. 1.].

Additionally, Article X, Section 10.4 of the Final Plan also expressly and permanently enjoins those "who have held, hold, or may hold Claims or Equity Interests" from "commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or Equity Interest against the Debtor or Reorganized Debtor" or "pursuing any Claim released pursuant to this Article X." [*Id.*].

The term claim is defined broadly under the Bankruptcy Code as "a right to payment, whether or not such right is reduced to judgment,

liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. §101(5)(A) The Plaintiff's employment discrimination claim falls within this broad definition of the term "claim" under the Bankruptcy Code. *See In re Northwest Airlines Corp.*, 2008 WL 630449, at *5 (Bankr. S.D.N.Y., March 5, 2008)(addressing plaintiff's claim of employment discrimination as a cognizable claim in defendant-employer's bankruptcy proceedings).

Moreover, it is undisputed that Plaintiff's claim of employment discrimination arose prior to the filing of the Defendant's bankruptcy petition, given that the Plaintiff alleges that he was discriminated against by employees of the Defendant between 2003 and 2005, prior to the filing of the Defendant's bankruptcy petition in 2008. Therefore, the Plaintiff falls within the definition of a "creditor" under the Bankruptcy Code. *See* 11 U.S.C. §101(10)(A) (defining a "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor").

Plaintiff contends that his claim of employment discrimination was not discharged upon the termination Defendant's bankruptcy proceedings because the Defendant did not provide him with formal notice of the proceedings or list the Plaintiff as a creditor in its schedules filed with the Bankruptcy Court. Plaintiff, relying on a Supreme Court decision from 1953, argues that known creditors must be provided with notice of the bar date for filing proofs of claim or the hearing on plan confirmation, or the creditor

will not be bound by confirmation of the plan and its claims will not be discharged. *See City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293 (1953).

Defendant, relying on the plain language of 11 U.S.C. §523(a)(3), contends that actual notice of the Defendant's bankruptcy proceedings is sufficient to discharge the Plaintiff's claim.

11 U.S.C. §523(a)(3) provides, in relevant part, that, "[a] discharge under section . . . 1141 . . . of this title, does not discharge an individual debtor from any debt . . . neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed . . . unless such creditor had notice or actual knowledge of the case in time for such timely filing and request." 11 U.S.C. §523(a)(3).

The Second Circuit, in *In re Medaglia*, 52 F.3d 451, (2d Cir. 1995), addressed directly the notice requirement under §523 of the Bankruptcy Code. Specifically, the Second Circuit addressed the question of whether "the qualifying clause in §523(a)(3)(b), which allows creditors' actual knowledge of a bankruptcy proceeding to substitute for formal notice of the bar date, meets the requirements of due process." *Id.* at 454. Recognizing that the language of §523(a)(3)(b) imposes "a burden on unlisted creditors who obtain timely knowledge of a bankruptcy proceedings, that burden is minimal and certainly does not deprive unlisted creditors of their opportunity to be heard," the Second Circuit held

that the actual notice provision did not constitute a deprivation of due process rights. *Id.* at 454. In reaching this conclusion, the Second Circuit considered the Supreme Court's decision in *City of New York*, but found it to be inapplicable as the Supreme Court was construing §77 of the Bankruptcy Act of 1898, which did not contain a constructive notice provision. *Id.* at 456. In contrast, the plain language of §§523(a)(3)(A) and (B) contain constructive notice clauses that make "crystal clear that a creditor with timely, actual knowledge of the 'case' does *not* have the 'right to assume' that it will receive formal notice before its claims are barred. *In re Medaglia*, *Id.* at 457.

Plaintiff, despite actual notice of the Defendant's bankruptcy proceedings, failed to file a proof of claim in the Defendant's bankruptcy proceedings. Pursuant to the Bankruptcy Code and as articulated by the Second Circuit's decision in *In re Medaglia*, the Plaintiff's claim was discharged upon the Bankruptcy Court's adoption of the Defendant's Final Plan. Accordingly, Defendant's Motion to Dismiss is GRANTED and Plaintiff's claims are dismissed.

## IV. Conclusion

Based upon the foregoing reasoning, Defendant's Motion to Dismiss [Dkt. #32] is GRANTED. Accordingly, Plaintiff's complaint is dismissed in its entirety. The Clerk is directed to terminate the case.

                                                       **IT IS SO ORDERED.**

                                                                                                  /s/_____

**Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut:  January 18, 2012.**